**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| IGUAÇU, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ANTONIO CABRERA MANO FILHO, <br><br> Defendant-Appellant. | No. 13-17544 <br><br> D.C.  No. 3:09-cv-00380-RS <br><br> MEMORANDUM[*] |
| IGUAÇU, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ANTONIO CABRERA MANO FILHO, <br><br> Defendant-Appellant. | No. 14-17099 <br><br> D.C. No. 3:09-cv-00380-RS |

On Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 10, 2016

Before:    HAWKINS and MURGUIA, Circuit Judges; and MURPHY,[**] District Judge.

Plaintiff Iguaçu, Inc. sued Defendant Antonio Cabrera for unpaid commissions on a contract. Cabrera argued that Iguaçu had acted as an unregistered broker of securities, making the agreement void for illegality. The district court, however, found that the interests sold by Cabrera were not securities and that the economic reality of the transaction was the purchase of a participatory interest in a joint venture, not the kind of passive investment that characterizes securities. Cabrera appealed. We affirm.

The interests purchased in the projects were quotas, or membership interests, in limitadas, the Brazilian equivalent of an LLC. The transactions resulted in joint ventures in which all members were actively engaged in management. Cabrera admits that the transactions' resulting interests were not securities, yet urges us to consider the interests as securities during the time Iguaçu was seeking out investment partners. But "[t]he Supreme Court has long instructed that securities law places emphasis on economic reality and disregards form for substance." *S.E.C. v. M&A W., Inc.*, 538 F.3d 1043, 1053 (9th Cir. 2008). Thus, we must view transactions as a whole. Doing so, it is apparent that the transactions here are not of

[**] The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

the kind contemplated by the securities laws.

The economic reality of the transactions was the investment in limitadas with full expectation of shared management and operation thereof. The record indicates that Iguaçu was not attempting to find mere buyers of shares of Cabrera's properties, but to introduce investors who could serve as active partners: partners who at the very least would be obligated to arrange marketing of the venture's product.

The securities laws were not intended to apply to those transactions. The Supreme Court has consistently recognized that investments resulting in active management are not to be considered securities and has defined an investment contract "for purposes of the Securities Act [as] a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946). Active management is contrasted with pure "profit-seeking business venture" investment, when "investors provide the capital and share in the earnings and profits; the promoters manage, control and operate the enterprise." *Id.* at 300.

To hold Iguacu liable for brokering securities on the basis that, at one point, the interests it helped to sell consisted of a corporation-analogue's stock, would

ignore the purpose, result and substance of the transaction – which was an active investment in a joint venture.

**AFFIRMED.**